Davis, Judge,
dissenting: I would grant the application for interlocutory review, reverse the trial judge’s action, and allow the applicants to intervene. In my view, applicants satisfy the criteria of Rule 65(a)(1). The first part of that Rule deals with the adequacy of the representation of applicant’s interest by the existing parties.[1] The present applicants’ representation by the United States may be inadequate both because they wish to present at least two witnesses whom the Government does not plan to call and also because applicants have a special interest in environmental matters above and beyond that of the Government which has other concerns to consider and balance. Environmental matters may well be central to the issues to be tried and decided in this case; whether or not a taking occurred may depend on the extent of Congress’s power to take account of environmental factors.[2] Also, the defendant does not object to intervention and this is a factor to be taken into account on the first prong of Rule 65(a)(1).
The second prong of the Rule is that "the applicant is or may be bound by a judgment in the action” in this court (emphasis added). That is the case here because applicants have been granted intervention in the District Court action (The Deltona Corp. v. Clifford L. Alexander, Jr., Secretary of the Army, No. 76-473-CIV-JWC, U.S. District Court for the Middle District of Florida), and as such parties in that litigation may be bound in that suit by collateral estoppel (issue preclusion) — perhaps even if they only participate in limited fashion as amici curiae in the instant case, as the trial judge would allow — on account of holdings in the present case. The District Court litigation is so close and related to the present one that we suspended proceedings for almost two years to await the determination of the District Court action. In its subject matter, though not in the remedies sought, it is almost the twin of the instant proceeding. That money is sought here, and declaratory and injunctive relief in the District Court, does not alter the essential similarity of the issues to be tried. The District *668 Court case is still alive and we cannot presume that it will never go to judgment. To protect applicants’ interest in the very large portion of the District Court suit which is almost completely parallel to this action, I would grant intervention.[3] Rule 65(a)(1), unlike Rule 65(a)(2),[4] does not require that, to intervene, the applicant have a pecuniary interest in the subject matter of the main action in this court.
Finally, the circumstances do not suggest to me that applicants are unduly late or that there will be undue interference with the trial proceedings. Applicants are willing to go to trial on June 2, 1980, when the trial is scheduled to commence. There is no need or occasion for the trial to be delayed.

 That part of the rule authorizes intervention "when the representation of the applicant’s interest by existing parties is or may be inadequate * * *” (emphasis added).

 The restricted amicus curiae participation allowed by the trial judge would not permit applicants to present any witnesses or to cross-examine plaintiffs witnesses.

 In view of the close relationship between the two cases, it cannot be said absolutely that there is no possibility that applicants will be bound in the District Court suit, through issue preclusion (collateral estoppel), by adverse rulings rendered in the present proceeding. Cf. A.L.I., Restatement of Judgments Second (Tentative Drafts Nos. 2 and 4) §§83, 84, 111. The law of issue preclusion is not that clear.
Moreover, if plaintiff had noticed applicants under our third-party practice (Rule 41) in order to try to bind them in the District Court action by the result here, I would think the notice would be allowed because applicants, through their participation in the parallel District Court litigation, would have "an interest in the subject matter” of this suit. Similar considerations support applicants5 intervention on their own. By applying for intervention applicants have affirmatively indicated that they are willing to be bound by the rulings in the present cases if they become parties. There is much to be said for making this court’s litigation the undoubted centerpiece for all interested parties, and not keeping open the possibility that some of the same issues may have to be tried all over again in the District Court litigation at the behest of applicants.

 Rule 65(a)(2), which is disjunctive from Rule 65(a)(1), allows intervention "where the applicant has a pecuniary interest in the subject matter of the main action.” There would be no need for Rule 65(a)(1) if it were also to be read as requiring a pecuniary interest. On that reading, (a)(1) would be wholly superfluous.